THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER REGARDING THE USE OF SURPLUS BOND ISSUE FUNDS IN MIDWEST CITY. AS YOU MAY BE AWARE, THE ATTORNEY GENERAL DOES NOT ISSUE HIS OFFICIAL OPINION WHEN THE ANSWER TO THE LEGAL ISSUES RAISED CAN ONLY BE DETERMINED BY DETERMINING QUESTIONS OF FACT. IN ADDITION TO THIS I HAD WRITTEN A NON-BINDING PRELIMINARY MEMORANDUM TO SENATOR HOWELL OVER ONE YEAR AGO REGARDING THE SAME SITUATION. AFTER REVIEWING THIS MEMORANDUM I REALIZE THAT I PROBABLY DID NOT SATISFACTORILY ANSWER THE QUESTION. I HAVE ENCLOSED A COPY OF THAT MEMO IN THIS LETTER. THIS LETTER DOES NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL AND THE LEGAL OPINIONS EXPRESSED HEREIN ARE SOLELY THOSE OF THE AUTHOR. THE CRUX OF THE PROBLEM IN MIDWEST CITY IS THAT THE ORIGINAL REVENUE BOND ISSUES ISSUED BY THE MIDWEST CITY MUNICIPAL AUTHORITY WERE APPARENTLY RESTRICTED TO SPECIFIC CONSTRUCTION PROJECTS. WHEN THESE EARLIER BOND ISSUES WERE REFINANCED CERTAIN EXCESS PROCEEDS WERE DERIVED FROM THE REFINANCING. THE CITY OF MIDWEST CITY APPARENTLY WOULD LIKE TO SPEND THIS MONEY ON DIFFERENT SEWER PROJECTS. THE LEGAL QUESTIONS ARISING FROM THIS SITUATION ARE TWO-FOLD: 1. ARE THE ORIGINAL PROJECT RESTRICTIONS APPLICABLE TO A REVENUE BOND ISSUE AFTER IT IS REFUNDED (REFINANCED)? 2. WHERE MUNICIPAL SALES TAX IS PLEDGED TO SUPPORT SEWER IMPROVEMENTS AND IS IN FACT PLEDGED ON SPECIFIC BOND ISSUES FOR SPECIFIC PROJECTS, WILL THE EXCESS PROCEEDS DERIVED FROM REFUNDING THESE BOND ISSUES RESTRICT THE USE OF THESE FUNDS WHICH CONTAIN SALES TAX PROCEEDS? WHEN A BOND ISSUE IS REFUNDED OR REFINANCED, NEW BONDS ARE ISSUED FOR THE PURPOSE OF RETIRING THE OLD BOND ISSUE. R WILL ASSUME THAT THE TYPE OF REFINANCING INVOLVED HERE WAS AN "ADVANCE REFUNDING" WHERE THE PROCEEDS OF THE NEW BOND ISSUE ARE PLACED IN AN IRREVOCABLE ESCROW ACCOUNT TO SATISFY THE OLD DEBTS. THESE ESCROW ACCOUNTS CONTAIN NOTHING BUT DIRECT OBLIGATIONS OF THE FEDERAL GOVERNMENT. CONCEPTUALLY, THE OLD BONDS ARE EXTINGUISHED. THE BONDHOLDERS ON THE OLD BONDS WILL NOW LOOK TO THE IRREVOCABLE ESCROW ACCOUNT FOR PAYMENT AND NOT THE FORMER REVENUE THAT HAD BEEN PLEDGED TO THEIR PAYMENT. THEIR INVESTMENT IS ACTUALLY MORE SECURE AFTER THE REFUNDING THAN IT WAS PRIOR TO THE REFUNDINGS. IT IS MY BELIEF THAT BECAUSE OF THIS UNLESS THE NEW BOND ISSUED PLEDGED THE EXCESS PROCEEDS FROM THE OLD BOND ISSUE THAT THE ORIGINAL BOND DOCUMENTS WILL NOT RESTRICT THE USE OF THESE PROCEEDS FOR DIFFERENT PROJECTS OTHER THAN THOSE SPECIFICALLY SET OUT IN THE ORIGINAL BOND ISSUE. AS I STATED IN MY MEMORANDUM TO SENATOR HOWELL THERE IS ALSO NO QUESTION IN MY MIND THAT THE EXCESS PROCEEDS WHICH ARE TRACEABLE TO THE CITY SALES TAX COULD NOT BE DIVERTED TO ANOTHER PURPOSE OTHER THAN THAT VOTED BY THE PEOPLE OF MIDWEST CITY. IT IS MY UNDERSTANDING, HOWEVER, THAT THE SALES TAX IS TO BE USED FOR SEWER IMPROVEMENTS. THIS IS PRECISELY THE PURPOSE FOR WHICH THE PEOPLE OF MIDWEST CITY VOTED THE SALES TAX AND SO THE USE IS CONSISTENT WITH THAT PURPOSE. I WANT TO STRESS TO YOU THAT MY OPINION ON THE ABILITY OF THE CITY OF MIDWEST CITY TO USE THESE EXCESS PROCEEDS FOR OTHER SEWER PROJECTS IS ONLY AN OPINION AS FAR AS STATE LAW. I DO NOT PROFESS TO BE AN EXPERT ON FEDERAL TAX LAW AND IT SOUNDS AS IF THE CITY IS ALREADY OBTAINING LEGAL ADVICE ON THESE MATTERS. I HOPE THIS LETTER WILL BE OF SOME HELP TO YOU. (THOMAS L. SPENCER)